NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE
Attorneys for Claimants
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
Tel: (212) 220-3830
Fax: (212) 220-3780
OUR FILE:   00000395 DRH/GSR
David R. Hornig (DH-1599)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In the Matter of the Petition of                              CV 01 8263 (Feuerstein, S.)
ATLANTIS FISHING FLEET CORP., as
Owner of the F/V ATLANTIS PRINCESS,
for Exoneration from or Limitation         **MEMORANDUM OF LAW**
of Liability                               **IN SUPPORT OF MOTION TO**
                                           **VACATE ORDER RESTRAINING SUITS**
----------X

## FACTS AND PROCEDURAL HISTORY

On or about October 5, 2001, the several members of the Terlizzi family ("Claimants") commenced a lawsuit against Atlantis Fishing Fleet Corp. ("Petitioner") in the Richmond County Supreme Court of State of New York ("Richmond County Action"). The Complaint asserted causes of action for wrongful death and other personal injuries relating to an incident on July 20, 2000, in Great Kills Park, Staten Island, where Tina Marie Johnson drowned and several of her family members sustained injuries as a result of a large wake created by Petitioner's fishing vessel. Under New York law, the Claimants were entitled to a jury trial of their common law negligence and wrongful death claims.

Subsequently, on or about December 11, 2001, Petitioner filed the instant action pursuant to the Limitation of Liability Act, 46 USC § 183 *et seq.*, and obtained an injunction from the Honorable Raymond J. Dearie of the Eastern District Court of the State of New York, which restrained all suits, including the lawsuit filed by Claimants in the Richmond County

Supreme Court. Claimants were thus forced out of their chosen forum and required to file claims which asserted common law causes of action against petitioner identical to those asserted in their State court Complaint. Claimants also made a jury demand with their claims.

By Order dated March 22, 2004, the Court, declined to exercise its supplemental jurisdiction over Claimants' claims and denied their request to empanel a jury. Rather, the Court bifurcated the proceeding, whereby the limitation issues would be tried before the District Court without a jury, and, if limitation is denied, allowing the Claimants to elect to proceed to state court for a determination of fault and damages with a jury trial or alternatively permitted Claimants to try the case in the District Court without a jury.

Claimants have now entered into a Stipulation which fully protects the rights of Petitioner, as afforded by the Limitation of Liability Act, 46 U.S.C § 183, *et seq.*, and respectfully seek an Order from the Court dissolving the injunction restraining suits and permitting Claimants to proceed to the forum of their choice.

## POINT I

### THE COURT SHOULD DISSOLVE THE INJUNCTION RESTRAINING SUITS AND PERMIT CLAIMANTS TO PROCEED WITH THEIR COMMON LAW CLAIMS IN THEIR CHOSEN FORUM

Claimants should no longer be restrained from proceeding with their common law claims in the Richmond County Action. It is well settled that the Court should dissolve the concursus injunction when multiple claimants enter into a stipulation that protects the shipowner's right of limitation. *See Kreta Shipping, S.A. v. Preussag International Steel Corp.*, 192 F.3d 41, 50 (2d Cir. 1999)(affirming dissolution of concursus injunction and holding that district court is empowered to vacate order restraining suits when claimants submit a stipulation

that protects the shipowner's right of limitation); *Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona*, 836 F.2d 750, 760 (2d Cir. 1998)(holding that as long as claimants file stipulations that adequately protect the vessel owner, they should be allowed to pursue their common law remedies outside of the admiralty forum); *In the Matter of Holly Marine Towing, Inc.* 2001 WL 103431, *2 (N.D.Ill. 2001)(holding that if multiple claimants submit stipulations, which preserve the vessel owner's right to limit its liability, the district court should allow the case to proceed in state court); *In the Matter of Dredging Equipment, Inc.*, 851 F.Supp. 72, 176 (E.D.Pa. 1994)(holding that where multiple claimants stipulate that they will not seek to recover any amounts over the limitation fund, the district court must dissolve the injunction); *Jefferson Barracks Marine Service v. Casey*, 763 F.2d 1007, 101 (8th Cir. 1985)(holding that district court erred by not vacating injunction restraining suits after claimants filed stipulation which protected vessel owner's limitation of liability rights).

The Stipulation offered by Claimants protect Petitioner's interests under the Limitation of Liability Act, 28 U.S.C. § 183 *et seq*. In fact, the Second Circuit has already ruled that a virtually identical stipulation, which was entered into by multiple claimants, warranted the dissolution of the concursus injunction restraining suits. In *Dammers*, the claimants sought to vacate the portion of the order retraining an action they had filed in state court. *Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona*, 836 F.2d 750 (2d Cir. 1998). Accordingly, they entered into the following Stipulation:

> 4) Claimant, Fran Corona, and Ana Corona, his wife, hereby agree and concede that Plaintiffs Dammers & Vanderheide and Scheepvaat Maats Christina B.V. are entitled to and have the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. §183(a) in this Court.
>
> 5) Claimant, Fran Corona and Ana Corona, his wife, will not seek in the action pending in the Supreme Court, State of New York in

> which a jury trial has been demanded, any judgment or ruling on the issue of plaintiffs' right to Limitation of Liability; and hereby consents [sic] to waive any claim of *res judicata* relevant to the issue of Limitation of Liability based on any judgment which may be recovered in said State Court Action.
>
> 6) Claimant Fran Corona, and Ana Corona, his wife, hereby stipulate that in the event there is a judgment or recovery in [any] state court action[s], in excess of SEVEN MILLION SIX HUNDRED SEVENTY-ONE THOUSAND ($7,671,000.00) DOLLARS whether against the plaintiffs, or any other liable parties who may cross-claim or claim over against the plaintiffs, in no event will claimant Fran Corona, and Ana Corona, his wife, seek to enforce said excess judgment or recovery insofar as same may expose plaintiffs to liability in excess of SEVEN MILLION SIX HUNDRED SEVENTY-ONE THOUSAND ($7,671,000.00) DOLLARS pending the adjudication of Limitation of Liability in this Court.
>
> 7) Claimant's wife, Ana Corona, hereby stipulates and agrees that the claim of Fran Corona will have irrevocable priority to her *per quod* claim.
>
> 8) The claimant, Fran Corona, and his wife, Ana Corona, stipulate and agree that if the plaintiffs, Dammers & Vanderheide and Scheepvaat Maats Chirstina B.V., are held to be responsible for attorneys['] fees and costs then such claims shall have priority over the claim for Fran Corona and his wife, Ana Corona.

*Id.* at 753-4, 759. The Court held that the aforementioned stipulation was sufficient to protect the vessel owner's rights. *Id.* at 759; *see also, Kreta Shipping*, 192 F.3d at 51 (holding that similar stipulation entered into by multiple claimants, which limited their aggregate recovery to no more than the value of the limitation fund, sufficiently ensured the shipowner's right to limitation); *Holly Marine*, 2001 WL 103431 at *3 (holding that similar stipulation sufficiently protected the vessel owner and warranted the dissolution of the injunction restraining suits); *Jefferson Barracks*, 763 F.2d at 1011 (same). Accordingly, the Second Circuit concluded that district court had acted properly by permitting the claimants to proceed with their state court action. *Id.* at 760.

In like manner, the Court should find that the Stipulation offered in the instant action sufficiently protects Petitioner's right to limit its liability. Thus, the Court should dissolve the injunction restraining suits and permit Claimants to proceed in state court

Permitting Claimants to proceed in the Richmond County Action also protects their rights under 28 U.S.C. § 1333 This section, otherwise known as the "saving to suitors' clause, provides in pertinent part

> the district courts shall have original jurisdiction exclusive of the courts of the States, of (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled

Thus, the clause protects Claimants rights to their common law remedies, including the right to a jury.

Although courts have wrestled with the conflict between the non-admiralty tradition of maritime cases and the protections extended by the "saving to suitors" clause, the Court is obligated to protect Claimants' right to a jury The Court must take all necessary steps to ensure Claimants are afforded the rights extended by the "saving to suitors" clause because they have entered into stipulations, which protect the petitioner's right to limit its liability. *See, Dammers*, 836 F.2d at 759 (holding that as long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to assure that claimants are allowed to pursue their common law remedies in accordance with the "saving to suitors" clause); *Holly Marine*, 2001 WL 103431 at *2 (holding that district court would abnegate the claimants' common law remedies and their right to a jury trial if it does not dissolve the injunction when claimants' stipulation protects the shipowner's rights); *Dredging Equipment*, 851 F.Supp. at 179 (holding when the shipowner's right to limit liability is adequately protected by the stipulation filed by claimants, claimants must be allowed to proceed

in state court with a trial by jury as is their right under the "saving to suitors" clause of 28 U.S.C. § 1333); *Jefferson Barracks*, 763 F.2d at 101 (holding that if claimants have a substantive right to pursue their cause of action under the "saving to suitors" clause it can hardly be abrogated by a federal procedural rule); *In Lake Tankers Corp. v. Henn*, 354 U.S. 47, 153, 77 S.Ct. 1269 (1957)(holding that where the shipowner's claim of limited liability is not jeopardized, he should be subject to all common law remedies available against other parties in damage actions). As the Claimants' do not have a right to a jury in the instant action, which is a right protected by the "saving to suitors" clause, the Court must dissolve the injunction and permit them to proceed in state court. In doing so, the Court will balance the rights of claimants to proceed with a jury trial with the right of shipowners to limit liability. Dissolving the injunction restraining suits will protect both parties' interest.

Moreover, the Court should dissolve the injunction in light of its Order dated March 22, 2004, where the Court held that judicial economy was satisfied by bifurcating the proceeding. Assuming the Petitioner prevails on its arguments that there is no liability or alternatively if there is liability that damages are substantially less than the amount of the stipulated limitation fund, this matter would not require any further proceedings before the District Court. In addition, any claim that Claimants were denied a jury trial would be moot since the Claimants would have been afforded a jury trial of all their common law claims in the forum of their choice.

## CONCLUSION

In light of the foregoing, Claimants' motion to Dissolve the Injunction Restraining Suits should be granted.

Dated: New York, New York
      March 31, 2004

                              Respectfully submitted,

                              NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE

          By: _____
                              DAVID R. HORNIG (DH-1599)
                              Attorneys for Claimants
                              Wall Street Plaza
                              88 Pine Street, 7th Floor
                              New York, New York 10005-1801
                              Telephone (212) 220-3830
                              Facsimile (212) 220-3780


TO:

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Petitioner
75 Maiden Lane, Suite 402
New York, New York
Telephone (212) 430-0800
Facsimile (212) 430-0810

Attention:   Craig English, Esq


X:\Public Word Files\0\395\LIMITATION\Motion to Vacate Injunction(2).doc

7

